James Everett Ferrell Jr.
111 Oak St.
McMinnville, Tennessee 37110

    Plaintiff

vs.

Deputy, JOSH SPARKMAN
c/o 108 Security Cir.
McMinnville, TN 37110

    Defendant

    and

JOHN DOE #1
c/o 108 Security Cir.
McMinnville, TN 37110

    Defendant

    and

JOHN DOE #2
c/o 108 Security Cir.
McMinnville, TN 37110

    Defendant

    and

JANE DOE #1
c/o 108 Security Cir.
McMinnville, TN 37110

    Defendant

    and

Date: 2-7-06
Case no: 4.06-cv-7
Judge: James Shirley

COMPLAINT FOR DAMAGES
CIVIL RIGHTS VIOLATION

TRIAL BY JURY DEMANDED
HEREIN

Defendant WARREN COUNTY being sued as a person, and County COMMISSIONERS are nominally listed in that they were not directly involved in the tort violation, however, in order to comply with proper procedure of service upon the county they must be named and served individually in this action.

1. Commissioner, TERRY L. BELL
2. Commissioner, CARL E. BOULDIN
3. Commissioner, TEDDY D. BOYD
4. Commissioner, SALLY BROCK
5. Commissioner, DONNIE CALDWELL
6. Commissioner, BRYAN DENTON
7. Commissioner, DAVID K. GRISSOM
8. Commissioner, DAVID G. HILL
9. Commissioner, CARL L. HULETT
10. Commissioner, KEN MARTIN
11. Commissioner, MICHAEL MARTIN
12. Commissioner, ROY J. PIERCE, IV
13. Commissioner, WAYNE PRYOR
14. Commissioner, BESSIE SMITHSON
15. Commissioner, DANICE TAYLOR
16. Commissioner, LES TROTMAN
17. Commissioner, BOBBY TURNER
18. Commissioner, DAVID E. VANDAGRIFF
19. Commissioner, HERSCHEL WELLS
20. Commissioner, HERBERT L WRIGHT
21. Commissioner, BILL YANCY
22. Commissioner, WILLIAM H. ZECHMAN
23. Commissioner, GARY PRATER
24. Commissioner, GEORGE SMARTT

Address: 201 Locust St., McMinnville, TN 37110

## I. INTRODUCTION AND OPENING STATEMENT

This action is brought by "Plaintiff," James Everett Ferrell Jr, hereinafter, "Plaintiff," against State Officials acting under color of State law, for Civil Rights violations involving wrongful arrest, and wrongful detention, physical damage, permanent mental damage, and theft of property

At all times relevant herein, the Defendants, all State Officials acting under color of State law and outside the scope of their jurisdiction and authority, willfully caused "Plaintiff" a damage and physical and mental injury and in so doing, violated clearly established law as those laws apply to "Plaintiffs," rights protected under the

Constitution, particularly under the 4th., 5th., 6th., 8th., and pertinent to the 14th. Amendment.

Be it known, each of the State Officials herein have sworn an "Oath of Office" in regards to their duties, and therefore, each of their acts under "Color of State Law", equates to Criminal Conspiracy under section 1985.

## II JURISDICTION AND VENUE

1. "Plaintiff" brings this action pursuant U.S.C. Title 42, section 1983, 1985, 1986, 1988, and invokes the jurisdiction of this court pursuant to Title 28 U.S.C. section 1343 (A), (3), (4), section 1331, and pursuant to the 14th amendment, Title 42 U.S.C. section 1983, and the Civil Rights Act of 1870. At all times relevant, all of the causes of action were committed within the geographical jurisdiction of this court.

## III PARTIES

2. "Plaintiff," James Everett Ferrell Jr., hereinafter, "Plaintiff" at all times relevant herein, lived in Warren County Tennessee. "Plaintiff," has lived in Tennessee since birth.

3. Defendant, Officer, JOSH SPARKMAN, hereinafter, SPARKMAN, at all times relevant, to this complaint, was an Officer for the Warren County Sheriff's Dept. and a resident of Warren county, acting in such capacity as agent, servant, and/or employee of Defendant Warren County, SPARKMAN is being sued in his individual and official capacity.

4. Defendant, Officer's, JOHN DOE #1, JOHN DOE #2, JANE DOE #1, hereinafter, JOHN DOE, and/or JANE DOE, at all times relevant to this complaint, was an Officer

for the Warren County Sheriff's Dept., and a resident of the County, acting in such capacity as agent, servant, and/or employee of Defendant, Warren County, JOHN DOE, is being sued in his individual and official capacity.

5. Defendant, Warren County, hereinafter, County, is a quasi corporation within the State of Tennessee, at all times relevant to this complaint, it either directly or indirectly controlled, trained, or made policy for, employed, supervised, compensated, enriched, or rewarded, Defendants herein, for their actions on the day of January 16, 2006, Warren County is being sued as a person.

## STATEMENT OF FACTS

6. All allegations set forth in paragraph 1 through 5 are incorporated herein by reference.

7. All factual allegations herein this complaint occurred on January 16, 2006 unless otherwise stated.

8. On January 16, 2006 "Plaintiff," and his girl friend were traveling on Bluff St. in Warren County, in a small pickup truck.

9. "Plaintiff," pulled into a friends driveway and a car from Warren County Sheriff's Dept. pulled in behind him.

10. Defendant Officer SPARKMAN , exited his car and came over to Plaintiff.

11. Defendant Officer SPARKMAN , asked "Plaintiff," if he was James Ferrell

12. Plaintiff was told he was under arrest, by defendant officers, but he was not showed a warrant.

13. Plaintiff was detained, and his person searched without cause, and without a fourth amendment warrant being issued, no weapons or contraband was found.

14. SPARKMAN or JOHN DOE #1 had not seen Plaintiff commit a misdemeanor or other crime in their presence.

15. There was no outstanding warrants for Plaintiff's arrest.

16. Plaintiff had not been engaged in any illegal activity at that time or before that time.

17. Plaintiff had never met Officer SPARKMAN or JOHN DOE #1 before this day.

18. SPARKMAN and JOHN DOE #1 were armed and dangerous.

19. Plaintiff was very scared and feared for his life.

20. At the time that Plaintiff was being transported to the Warren County Jail facility, by Defendants SPARKMAN and JOHN DOE #1, he was required to go with them and was not free to leave. Similarly, during the entire time Plaintiff was held in the Warren County Jail for three days, he was not free to leave, despite the fact that there was no probable cause that he had committed a crime, and no arrest warrant existed on which to base Plaintiff's detention.

21. Plaintiff was not taken immediately before a Magistrate for a probable cause hearing to see if a warrant should issue.

22. Plaintiff was refused medical attention by jail attendants.

23. Plaintiff went immediately to his own physician upon his release.

24. Defendant, Officer JANE DOE #1, committed theft of property, when she forced, by threat, duress, and coercion, Plaintiff, to stand in a certain place so JANE DOE # 1, could take his photograph, against Plaintiff's, will, over his objection, without his consent, and without a court order.

25. Defendant Officer, JANE DOE #1, committed theft of property, when he forced, by threat, duress, and coercion ,Plaintiff, to place his hand ,so his fingerprints could be taken, against Plaintiff's will, over his objection, and without his consent, and without a court order.

26. Plaintiff was forced to remove all his clothes in plain view of Warren County Officials/Jailers/Deputies, when they performed an unlawful "strip search" of Plaintiff's person.

27. Physical damage was caused to Plaintiff's wrists when, yet unidentified Sheriff's Deputies purposely tightened handcuffs on his wrists so tight as to cut off blood flow to his hands, causing damage.

28. Defendant Officer SPARKMAN, and JOHN DOE #1's unprovoked abduction, and detention of Plaintiff, without his consent, against his will, and over his objection, were acting unreasonable, under color of State law, and in violation of clearly established law.

29. Defendant, Warren County, as a policy and custom, neglected to train, supervise, control, correct the abuse of authority, or curtail the outrageous conduct, or discourage the unlawful abuse of authority by Defendant, Officers SPARKMAN, JOHN DOE #1,JOHN DOE #2, JANE DOE #1. The failure by Defendant Warren County to train Defendant Officers SPARKMAN and JOHN DOE #1, and #2, JANE DOE#1, included the failure to give them proper instructions as applicable to the rights of Plaintiff, which are guaranteed by the Constitution of the united states

of America, and the Constitution of Tennessee as they apply to the rights of Plaintiff.

30. The actions described in paragraphs 6 through 29 were committed by Defendants, SPARKMAN, JOHN DOE #1, JOHN DOE #2, JANE DOE#1, in full view of everyone who wanted to watch.

31. The transportation of Plaintiff to, and the detention of Plaintiff at Warren County Jail, without probable cause and without an arrest warrant, constitutes a seizure, within the meaning of the fourth amendment of the Constitution of the united states and deprived Plaintiff of his liberty. This seizure and deprivation of liberty, was unreasonable and without due process of law, in violation of the 4th., 5th.,6th, 8th and pertinent to the 14th. amendments to the Constitution of the united states.

32. The violation of Plaintiff's 4th, 5th, 6th, 8th, and pertinent to the 14th. amendments rights, by Defendants, SPARKMAN and JOHN DOE #1, JOHN DOE #2, JANE DOE#1, acting under color of State law, individually, and through their conspiracy with one another, was in accordance with the official policy of WARREN COUNTY, and WARREN COUNTY Sheriff's Dept, these Defendants are liable to Plaintiff for the violation of his rights as set out more fully below.

33. All the Defendants at all times herein, relevant to this complaint, not one of them had witnessed a crime being committed in their presence, by Plaintiff at the time of his abduction/arrest, unlawful "strip search ",of his person, and unlawful seizure of his person, by Defendants, who were acting under color of State law, and with wanton, willful, reckless, disregard for human life, and with intent of injuring and oppressing Plaintiff,by reason of which Plaintiff's entitled to a reward of punitive damages.

## FEDERAL CAUSES OF ACTION

34. All allegations set forth in paragraphs 1 through 33 are incorporated herein by reference.

35. The herein described actions, engaged in under color of State law, by Defendants, including Defendants, Warren County, sued as a person, responsible because of its authorization, condonation, and ratification thereof, for the acts of the deputies of the Warren County Sheriff's Dept. as agents, and servants, deprived the Plaintiff of his rights secured to him by the Constitution of the united states of America including, but not limited to, his fourth amendment rights to be free from unlawful search, seizure, and detention of his person, his 6th amendment right, to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; his eighth amendment right, against cruel and unusual punishments inflicted, 5th amendment right pertinent to the fourteenth amendment right, of due process of law, and his right to be free from fear of unjustified arrest.

36. First cause of action: Plaintiffs fourth amendment right to be secure in his person, and effects from unreasonable, unprovoked seizure and "strip search," of his person, by Defendants, SPARKMAN, JOHN DOE #1, JOHN DOE #2, JANE DOE #1 actions, was violated by Defendants, on January 16, 2006, while Defendants were operating outside their jurisdiction and authority, under color of state law, without a fourth amendment warrant, against objective reasonableness against well settled law.

37. Second cause of action: Plaintiff suffered humiliation, damage to his reputation,

and psychological trauma, both physical and emotional, and other stressful conditions, due to the unusual punishment, of being "stripsearched", forced to remove all his cloths in the presence of others, and SPARKMAN, and other SHERIFF's deputies, placing handcuffs on Plaintiff ,so tight, as to cut into Plaintiff's wrists and cut off circulation to his hands ,causeing a physical damage to plintiff;s person, a violations of Plaintiff's rights as guaranteed by the eighth amendment to the Constitution of the united states of America, and unreasonable actions by Defendants, Warren County, SPARKMAN, JOHN DOE #1, JOHN DOE #2, JANE DOE# 1, holding Plaintiff, in the Warren County Jail,3 days, without cause or jurisdiction to do so.

36. Third cause of action: Plaintiff's fourth, fifth ,sixth, eighth and pertinent to the fourteenth amendments rights as guaranteed by the Constitution of the united states of America was violated by Defendants, when they abducted/arrested Plaintiff without a fourth amendment warrant or exigent circumstances, and detained Plaintiff three days in the Warren County Jail without first taking Plaintiff immediately before a Magistrate to see if a warrant should issue.

Wherefore: The Plaintiff demands judgment against the Defendants as follows:

a. A Declaratory judgment, that actions of Defendants, Warren County Sheriff's Deputies, SPARKMAN, JOHN DOE #1, JOHN DOE #2, JANE DOE#1, on January 16, 2006, constituted an unlawful, unreasonable, search and seizure and detention of Plaintiff, in violation of the fourth amendment to the Constitution of the united states of America.

b. A Declaratory judgment; that actions of Defendant, Warren County Sheriff's

Deputies, SPARKMAN, JOHN DOE #1, JOHN DOE #2, JANE DOE#1, on January 16, 2006, constituted a violation of Plaintiffs fourth, fifth, and pertinent to the fourteenth amendments rights of due process, when Defendants, unlawfully abducted/arrested Plaintiff, without seeing a crime committed by Plaintiff, or having a fourth amendment warrant for Plaintiff's arrest, in their possession by searching, seizing, and detaining Plaintiff, three days in Warren County Jail, without taking Plaintiff immediately before a Magistrate to see if a warrant should issue.

c. A declaratory judgment, that actions of Defendants, Warren County Sheriff's Deputies, SPARKMAN, JOHN DOE #1, JOHN DOE #2, JANE DOE #1 on January 16, 2006 constituted a violation of Plaintiff's rights as guaranteed by the 4th. and 8th. amendment to the Constitution, when Plaintiff was unlawfully "strip searched" without cause or exigent circumstances, or then having a 4th. amendment warrant for his arrest, and placing handcuffs on Plaintiff so tight as to cutoff circulation to his hands, causing damage.

d. As compensatory and consequental damages the sum of $5,000,000.00.

e. As punitive damages $5,000,000.00.

f. The cost of disbursement of this action;

g. All attorneys fees incurred in processing this action pursuant Title 42 U.S.C. section 1988.

h. That each Defendant have separate counsel so as to avoid any conflict of interest which might occur.

i. The right to amend this complaint as needed.

j. Such other and further relief as this court deems proper.

Date: 2-7-06

*James Everett Ferrell Jr*
James Everett Ferrell, Jr.
111 Oak St.
McMinnville, Tennessee 37110
931-808-4727

VERIFICATION

STATE OF TENNESSEE    )
                     ) s.s
COUNTY OF WARREN     )

I, James Everett, Ferrell, Jr. Plaintiff in the attached complaint for damages,

do affirm the facts and allegations within the complaint attached hereto to be true,

and correct to the best of my knowledge and belief.

*James Everett Ferrell Jr*
James Everett Ferrell, Jr.
Plaintiff

Sworn to before me, a Notary Public State of Tennessee

in my presence this 7th day of February, 2006.

My commission expires 10-28-2009.