UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| JAMES EVERETT FERRELL, JR., ) | |
| ) | |
|    *Plaintiff*, ) | |
| ) | Case No. 4:06-cv-7 |
| v. ) | |
| ) | Judge Mattice |
| DEPUTY JOSH SPARKMAN, *et al.*, ) | |
| ) | |
|    *Defendants*. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Objection to the Reasonableness of Magistrate William B. Mitchell Carter's Order No. 55, and Motion to Vacate Void Order [Court Doc. No. 58].

For the reasons explained below, Plaintiff's Objection is **OVERRULED**, and his Motion to Vacate Void Order is **DENIED**.

### I.    STANDARD

With respect to nondispositive pretrial matters assigned to a magistrate judge for decision, a district court may reconsider the magistrate judge's decision on such matters and may overturn the decision only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Banner v. City of Flint*, 99 F. App'x 29, 35 (6th Cir. 2004).

### II.    BACKGROUND

Plaintiff James Everett Ferrell, Jr. brings this action against various Defendants, including Deputy Josh Sparkman, John Doe #1, John Doe #2, and Jane Doe #1, alleging causes of action under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution pursuant to 42 U.S.C. § 1983. (Court Doc. No. 1,

Compl. ¶¶ 36-37.) Plaintiff's action arises from the stop of his vehicle and his subsequent arrest on January 16, 2006, by Deputy Sparkman. (*Id.* ¶¶ 8-12.) His complaint alleges that Deputy Sparkman had no legal basis to effect the stop of Plaintiff's vehicle or to arrest Plaintiff because Deputy Sparkman had not seen Plaintiff commit a crime in his presence, because there were no outstanding warrants for Plaintiff's arrest, and because Plaintiff had not engaged in any illegal activity at that time or before that time. (*Id.* ¶¶ 14-16.)

On August 7, 2006, Larry B. Stanley, counsel for Defendants, deposed Plaintiff. The transcript from the deposition shows that Mr. Stanley attempted to question Plaintiff regarding an incident on or about November 25, 2005, in which he was stopped by Warren County Deputy Mike Tanner for speeding, and that Plaintiff repeatedly refused to answer any questions about the November 2005 stop on the basis that such stop was irrelevant to his arrest on January 16, 2006. Mr. Stanley terminated the deposition and, on October 18, 2006, filed a Motion for Order Compelling Discovery and Sanctions on behalf of Defendants Sparkman, John Doe #1, John Doe #2, and Jane Doe #1. Defendants asserted in a hearing before U.S. Magistrate Judge William B. Mitchell Carter that the November 2005 stop is relevant to the instant case because a citation issued as a result of the November 2005 stop led, at least in part, to Plaintiff's eventual arrest on January 16, 2006.

Based on the record before him, Magistrate Judge Carter concluded that Plaintiff's refusal to answer questions in his deposition regarding the November 2005 stop violated Federal Rule of Civil Procedure 30(d)(1). Accordingly, Magistrate Judge Carter granted Defendants' motion to compel and ordered Plaintiff to answer all

questions posed to him by Mr. Stanley concerning the November 2005 traffic stop. He further indicated his intention to award Defendants their reasonable attorney's fees and expenses in accordance with Federal Rule of Civil Procedure 37.

## III.  ANALYSIS

Plaintiff challenges Magistrate Judge Carter's order on the basis that the discovery sought by Defendants related to the November 2005 stop is irrelevant to the case at bar.

Plaintiff correctly notes that Federal Rule of Civil Procedure 26 limits the scope of discovery to "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Rule 26, however, is not the only rule that sets limitations on the discovery process and, therefore, is not the end of the inquiry. For example, Federal Rule of Civil Procedure 30 outlines rules that must be followed with respect to depositions and provides, in pertinent part, as follows:

> Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4).

Fed. R. Civ. P. 30(d)(1).[1]

Thus, under the plain language of Rule 30(d)(1), a deponent may refuse to answer a question during a deposition only for one of the three listed reasons: the preservation of privilege, the enforcement of a court-directed limitation, or the presentation of a motion under Rule 30(d)(4) to terminate a deposition that is being conducted in bad faith or in manner that unreasonably annoys, embarrasses, or

---

[1] Rule 30(d)(1) applies equally in a situation in which the deponent is a *pro se* litigant, as is the case here.

oppresses the deponent or a party. Lack of relevance is not a valid objection under Rule 30(d)(1) and, as a result, is not an appropriate reason to withhold answers to a question posed during a deposition. *See, e.g.*, *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995); *Luc Vets Diamant v. Akush*, No. 05 Civ. 2934 WHP, 2006 WL 258293, at *1 (S.D.N.Y. Feb. 3, 2006); *Neuberger Berman Real Estate Income Fund, Inc. v. Lola*, 230 F.R.D. 398, 420-21 (D. Md. 2005); *Lee v. Cent. Gulf Towing, L.L.C.*, No. Civ. A. 04-1497, 2004 WL 2988478, at *2-3 (E.D. La. Dec. 9, 2004); *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 1, 6 (D.D.C. 2004). To be sure, Plaintiff is entitled to state on the record during the deposition his objection as to lack of relevance, but Plaintiff must then answer the questions posed. There is simply no basis in the Federal Rules of Civil Procedure for Plaintiff to decline to answer questions related to a topic he deems irrelevant.

Accordingly, the Court must conclude that Magistrate Judge Carter's order requiring Plaintiff to answer questions related to the November 2005 stop is not clearly erroneous or contrary to law, and such order will not be overturned or vacated.

## IV. CONCLUSION

For the reasons explained above, Plaintiff's Objection to the Reasonableness of Magistrate William B. Mitchell Carter's Order No. 55 [Court Doc. No. 58] is **OVERRULED**, and his Motion to Vacate Void Order [Court Doc. No. 58] is **DENIED**.

SO ORDERED this 17th day of January, 2007.

        *s/Harry S. Mattice, Jr.*
        HARRY S. MATTICE, JR.
        UNITED STATES DISTRICT JUDGE