UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| JAMES E. FERRELL, JR., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 4:06-cv-7 |
| v. ) | |
| ) | Judge Mattice |
| DEPUTY JOSH SPARKMAN, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion to Dismiss. For the reasons explained below, such motion is **GRANTED**.

**I.    BACKGROUND**

On November 30, 2006, U.S. Magistrate Judge William B. Mitchell Carter entered an order granting Defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure 37 as a result of Plaintiff's unreasonable refusal to answer Defendants' counsel's questions during Plaintiff's deposition. [Court Doc. No. 55.] On December 18, 2006, Plaintiff filed an objection to such order, thereby appealing Magistrate Judge Carter's order to the undersigned. [Court Doc. No. 58.] On January 18, 2007, the undersigned issued an order overruling Plaintiff's objection and affirming Magistrate Judge Carter's order. [Court Doc. No. 60.] Thereafter, on February 7, 2007, Magistrate Judge Carter entered an order sanctioning Plaintiff pursuant to Rule 37 and requiring Plaintiff to pay $1,575 to Defendants. [Court Doc. No. 69.] On March 5, 2007, when Plaintiff had not remitted the required sum, Defendants filed a motion requesting the dismissal of Plaintiff's

claims pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with an order of the court. [Court Doc. No. 85.]

The undersigned held a hearing in this case on March 8, 2007. [Court Doc. No. 92.] At such hearing, the undersigned denied Defendants' motion to dismiss pursuant to Rule 41(b), but stated that if Plaintiff had not paid the required sum, or showed good cause for his failure to pay such sum, by May 7, 2007, then the Court would entertain a renewal of Defendants' motion to dismiss. [Court Doc. No. 92; Court Doc. No. 118 (transcript; court only).] After the hearing, the Court memorialized its oral rulings in an order which reads, in pertinent part, as follows:

> Defendant's Motion to Dismiss [Court Doc. No. 85] is **DENIED**; however, the Court will entertain a renewal of such motion if Plaintiff Ferrell has not, on or before May 7, 2007, either paid to Larry B. Stanley, Esq. the sum of $1,575 in accordance with United States Magistrate Judge Carter's order [Court Doc. No. 69] or shown good cause why he should not be required to pay, or cannot pay, such sum. Plaintiff is hereby put **ON NOTICE** that the Court may impose further sanctions, up to and including the dismissal of Plaintiff's complaint, if Plaintiff fails to either pay the required sum to Mr. Stanley on or before May 7, 2007, or show good cause why he should not be required to pay, or cannot pay, such sum.

[Court Doc. No. 94.]

On May 7, 2007, Plaintiff filed a motion entitled "PLAINTIFF'S MOTION TO STRIKE, DEFENDANT'S MOTION FOR PROTECTIVE ORDER, and SANCTIONS—And Good Cause Shown Within, why "FRAUDULANT" [sic] Ordered #55, SANTIONS [sic] against PLAINTIFF, Should be WITHDRAWN." In his brief in support of such motion, Plaintiff states that Defendants' original motion seeking sanctions [Court Doc. No. 48] "misled this court by not presenting the whole truth concerning the taking of depositions, by showing

or filing only part of a transcript of the deposition, which had the whole transcript been considered by this Court, would show Mr. STANLEY is the party guilty of not complying with the Rules of Evidence . . . ." [Court Doc. No. 111.] Plaintiff further states that "[i]f this court had examined the evidence in this matter, this court would plainly see that Plaintiff properly answered the question, in question, multiple times, the answer was just not what Mr. STANLEY wanted to hear." [Court Doc. No. 111.]

On May 17, 2007, Defendants' filed the instant motion to dismiss, seeking the dismissal of Plaintiff's claims pursuant to Rule 41(b) as a result of Plaintiff's failure to pay the required sum by May 7, 2007. [Court Doc. Nos. 113, 114, 115.]

On May 21, 2007, Plaintiff filed a motion to strike Defendants' motion to dismiss on the basis that Defendants have no remedy under Rule 41(b) because Plaintiff showed good cause for his failure to pay the required sum. [Court Doc. No. 116.]

## II. ANALYSIS

The undersigned's oral rulings on March 8, 2007, and the subsequent written memorialization of such rulings, were abundantly clear regarding Plaintiff's duty: Plaintiff was to, on or before May 7, 2007, either pay $1,575 to Mr. Stanley or show cause why he should not be required to pay, or cannot pay, such sum. The record in this case—specifically, Mr. Stanley's affidavit that was filed in support of Defendants' instant motion to dismiss [Court Doc. No. 115]—demonstrates that Plaintiff did not pay the required sum to either Mr. Stanley or the Defendants. In addition, none of Plaintiff's filings assert an inability to pay. Thus, Plaintiff's only avenue for compliance with the Court's rulings is a showing of good cause why he should not be required to pay the imposed sanction.

Plaintiff makes two arguments in an attempt to show good cause. First, Plaintiff argues that Defendants misled the Court in their original motion for sanctions by attaching a partial, rather than full, transcript of Plaintiff's deposition and that if the Court had been able to examine the full transcript, the Court would not have found Plaintiff to be in violation of Rule 37. This argument is without merit because the transcript submitted with Defendants' motion is a full transcript. [Court Doc. No. 49-2.] The transcript begins as follows: "JAMES EVERETT FERRELL, JR., called as a witness and having been duly sworn, did testify as follows . . . ." This introduction indicates that it is the beginning of Plaintiff's deposition. The transcript concludes as follows: "Further the deponent saith not. The deposition was concluded at 9:42 A.M." This conclusion indicates that the final page of the submitted transcript represents the end of Plaintiff's deposition. The pages of the submitted transcript are numbered sequentially from one to five, indicating that all pages of the transcript are attached. Thus, on its face, the transcript appears to be a complete transcript. Further, Plaintiff has not attached to any of his filings any other transcript showing that the transcript filed by Defendants was partial. Accordingly, the Court concludes that Magistrate Judge Carter had before him the full transcript of Plaintiff's deposition when he determined that Plaintiff violated Rule 37 during the deposition. As a result, Plaintiff's first argument provides no reason why Plaintiff should not be required to pay the sanction imposed by Magistrate Judge Carter.

Second, Plaintiff argues that Defendants' counsel has failed to comply with various rules of evidences, rules of civil procedure, and rules of this Court during the taking of depositions in this action. The Court declines to determine whether Mr. Stanley has, in fact, violated any rules of evidence or procedure or any rules of this Court, as that question

is not properly before the Court. However, even if the Court were to determine that Mr. Stanley had violated any rules or acted improperly, such a determination would not absolve Plaintiff of his obligation to pay the sanctions associated with his own violation of the rules of procedure. Mr. Stanley's alleged rule violations, even if true, do not provide Plaintiff with any reason why he should not be required to pay sanctions associated with his own rule violations.

Having rejected Plaintiff's two arguments in response to the Court's show cause order, the Court concludes that Plaintiff has not presented good cause why he should not be required to pay the imposed sanction. As a result, Plaintiff has failed to meet the requirements of the Court's show cause order, and Defendants' instant motion to dismiss is ripe for consideration.

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court . . . ." The Sixth Circuit considers four factors when reviewing a district court's dismissal under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.* Accordingly, the Court will consider these four factors in making its determination whether to dismiss Plaintiff's complaint.

With respect to the first factor, the party seeking to avoid sanctions has the burden of showing that the failure to comply was due to inability rather than willfulness or bad faith. *Id.* In the case at bar, as discussed above, Plaintiff has made no such showing regarding his failure to comply with this Court's order to pay the sum of $1,575 to Mr. Stanley by May 7, 2007. Accordingly, the Court concludes that Plaintiff's failure to comply was due to willfulness or bad faith.

With respect to the second factor, an adversary is prejudiced when the dismissed party's failure to comply prevents such adversary from complying with a discovery order, scheduling depositions, or conducting further discovery. *Bryant v. U.S. ex rel. U.S. Postal Serv.*, 166 F. App'x 207, 211, 2006 WL 305661, at *3 (6th Cir. Feb. 9, 2006); *Reyes*, 307 F.3d at 458. In this case, prejudice to Defendants is minimal, since Plaintiff's failure to pay the required sum by the specified date does not impact Defendants' ability to conduct discovery.

With respect to the third factor, the Court warned Plaintiff at the hearing on March 8, 2007, and in the order entered on March 8, 2007, that his failure to comply with the order could result in sanctions "up to and including the dismissal of Plaintiff's complaint." [Court Doc. No. 94.] Thus, Plaintiff was adequately warned that his failure to comply with the Court's order could result in the dismissal of his case.

With respect to the fourth factor, the Court finds that dismissal is the only proper and effective sanction. Imposing any further monetary sanction for Plaintiff's failure to timely pay the first monetary sanction would be futile. Imposing other sanctions such as deeming certain facts admitted would be ineffective in this case. While the Court is loathe to deprive a plaintiff of the opportunity to litigate his claims on their merits, the Court simply cannot

permit a plaintiff to continue to seek relief on his claims while disregarding an order to pay sanctions to his adversary.

Accordingly, although there is minimal prejudice in this case, the Court concludes that, on balance, the factors outlined in *Reyes* dictate the dismissal of Plaintiff's complaint. Defendants' motion to dismiss therefore must be granted.

## III. CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss [Court Doc. No. 113] is **GRANTED**, and Plaintiff's action is hereby **DISMISSED WITHOUT PREJUDICE** to refiling after Plaintiff has paid the required sum of $1,575 to Mr. Stanley. Plaintiff's Motion to Strike Defendant's Motion to Dismiss [Court Doc. No. 116] is **DENIED**.

The Clerk is directed to close the file in this case.

SO ORDERED this 29th day of May, 2007.

                                          */s/Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE